**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| CONNOR O'KEEFE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEQUOIA CAPITAL OPERATIONS, LLC, et al.,<br><br>Defendants. | Case Number 1:23-cv-20700<br><br>**CLASS ACTION** |

**PLAINTIFFS' MOTION AND INCORPORATED MEMORANDUM TO LIFT STAY FOR LIMITED PURPOSE AND FOR LEAVE TO FILE AMENDED COMPLAINT TO JOIN TETHER ENTITIES AS DEFENDANTS**

Plaintiffs respectfully move this Court for an order temporarily lifting the stay of this action, *O'Keefe v. Sequoia Capital Operations, LLC, et al.*, Case No. 23-cv-20700 (S.D. Fla.), for the limited purpose of seeking leave pursuant to Federal Rule of Civil Procedure 15(a)(2) to file an Amended Complaint joining Tether Holdings Limited, Tether Operations Limited, Tether Limited, and Tether International Limited (collectively, the "Tether Defendants") as defendants. The proposed Amended Complaint is attached as **Exhibit A**.

Plaintiffs further request that, following their filing of the proposed Amended Complaint with leave of Court, that this Court reinstate the stay of this action, including against the Tether Defendants, pending the Court's ruling on the pending motions to dismiss filed by Defendants Deltec Bank and Trust Company Limited ("Deltec"), Jean Chalopin, and Farmington State Bank d/b/a Moonstone Bank ("Moonstone") (collectively, the "Bank Defendants") in *In re: FTX Cryptocurrency Exchange Collapse Litigation*, No. 1:23-md-03076-KMM ("MDL"), at (MDL ECF Nos. 822, 823).

Plaintiffs respectfully submit that the proposed Amended Complaint will not affect any pending motions to dismiss or alter the claims against existing defendants.[1] Following the Court's ruling on the Bank Defendants' MDL motions to dismiss, Plaintiffs intend to join the Tether Defendants into the Bank Defendants' Track—given the allegations that the Tether Defendants engaged in a RICO enterprise with the Bank Defendants, FTX[2] and Alameda Research, LLC ("Alameda")—through the procedure the Court established in the Promoters and Digital Creators Track of this litigation. *See, e.g.,* MDL ECF Nos. 890 (denying motion to dismiss Promoters and Digital Creators Administrative Consolidated Complaint), 900 (directing MDL Plaintiffs to join later-filed Promoter Defendants "in their forthcoming amended complaint").

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A. The Filing and Transfer of *O'Keefe v. Sequoia Capital Operations, LLC*

This Action was originally filed before this Court in February 2023, alleging that various venture capital, banking, and financial entities facilitated and profited from the massive fraud perpetrated by FTX and Alameda (collectively, the "FTX Group").

On June 21, 2023, the Court entered a Paperless Order staying and administratively closing this action following its transfer into *In re FTX Cryptocurrency Exchange Collapse Litigation*, MDL No. 3076 (S.D. Fla.), explaining that "in the interests of judicial economy . . . this case is STAYED" while the claims proceed under the MDL and "shall be restored to the active docket upon motion of a party if circumstances change." ECF No. 97.

[1] Signature Bank and Silvergate Bank were not transferred into this MDL and remain subject to separate proceedings in other jurisdictions. Accordingly, this amendment does not address or alter the claims previously asserted against those entities.

[2] As used herein, "FTX" refers to FTX Trading Ltd. ("FTX Trading"), its domestic counterpart, West Realm Shires Services Inc. d/b/a FTX US ("FTX US" and collectively with FTX Trading, "FTX").

Following transfer, this Action became part of the coordinated multidistrict proceedings overseen by this Court. Since then, Plaintiffs have consistently litigated in conformity with the MDL's organizational framework and this Court's scheduling orders.

**B. The Organization of the MDL and Consolidated Complaints**

After transfer, this Court organized the MDL into seven separate defendant "tracks": (1) Law Firms, (2) Banks, (3) Auditors, (4) Promoters and Digital Creators, (5) Insiders, (6) Domestic Venture Capital Firms, and (7) Multinational Venture Capital Firms. On August 7, 2023, Plaintiffs filed seven Administrative Consolidated Class Action Complaints, one for each track, in accordance with the Court's Case Management Order. *See* MDL ECF Nos. 153–159.

Each track was subsequently the subject of motions to dismiss, all of which have been fully briefed and are pending decision.

**C. The Amended Bank Defendants Complaint and Pending Motions to Dismiss**

On November 15, 2024, Plaintiffs filed an Amended Administrative Class Action Complaint against the Bank Defendants, which expanded upon earlier allegations and included newly developed RICO claims based on evidence obtained through jurisdictional discovery, MDL Plaintiffs' investigation, and insider proffers revealing the Bank Defendants' central role in the FTX Group's racketeering enterprise.[3] *See* MDL ECF No. 779.

---

[3] Although discovery has remained largely stayed thus far during the pendency of this MDL, MDL Plaintiffs have pursued other avenues of information gathering and succeeded in obtaining certain information relevant to these claims. Following the Government's dismissal of the remaining charges against Samuel Bankman-Fried, Plaintiffs finalized cooperation agreements with former FTX insiders Caroline Ellison, Gary Wang, and Nishad Singh, who provided information bearing on both jurisdictional and merits issues. In early 2024, Plaintiffs conducted proffer sessions with these witnesses, during which Ms. Ellison produced approximately 7,000 pages of Telegram messages between Deltec, Alameda, and FTX employees regarding customer fund transfers, Tether transactions, and Deltec's off-the-books multibillion-dollar line of credit to Alameda. This newly obtained evidence informs the present amendment and further confirms the substantial operational ties among Deltec, Tether, FTX, and Alameda, including activities connected to

The Bank Defendants moved to dismiss that amended complaint on January 15, 2025. *See* MDL ECF Nos. 822, 823. Plaintiffs filed oppositions on February 28, 2025. *See* MDL ECF Nos. 848, 849. The Bank Defendants filed replies on March 31, 2025 (*see* MDL ECF No. 863), and again on May 29, 2025 (*see* MDL ECF No. 910), after Farmington State Bank's unsuccessful motion to strike Plaintiffs' opposition, which the Court denied on May 15, 2025. *See* MDL ECF No. 897.

The Bank Defendants' motions to dismiss have thus been fully briefed and pending decision for approximately six months. Plaintiffs do not seek through this motion to disturb that briefing or the posture of those proceedings.

**D. The Purpose of This Motion**

Plaintiffs now move to briefly lift the stay in this Action for the limited purpose of filing the proposed Amended Complaint joining the Tether Defendants as additional defendants. As alleged in the proposed Amended Complaint, the Tether Defendants were co-conspirators and integral participants in the same RICO enterprise as the Bank Defendants—coordinating with Deltec Bank & Trust Limited and Alameda Research to launder and recycle FTX customer funds through the issuance and redemption of Tether (USDT) stablecoins and related wire transfers routed through Deltec's Bahamian accounts and correspondent U.S. banks. The same communications, wire transfers, and credit relationships underpinning Plaintiffs' claims against the Bank Defendants also form the basis of the claims against the Tether Defendants.

---

Florida and California. The Telegram communications further demonstrate that Tether's issuance and redemption of USDT was an integral part of the same RICO enterprise alleged against the Bank Defendants, and that the Deltec–Tether relationship was essential to sustaining FTX's false appearance of liquidity.

Because the Court's administrative procedures do not permit direct filing into the MDL, and given potential statute of limitations concerns arising from the same course of conduct, Plaintiffs seek to amend the *O'Keefe* complaint—rather than file a new action—to join the Tether Defendants into the MDL in the most efficient and procedurally consistent manner.

These newly developed facts confirm that the claims against the Tether Defendants arise from the same nucleus of operative facts as those alleged against the Bank Defendants. Both sets of defendants are alleged to have participated in, and profited from, the same coordinated RICO enterprise led by the FTX Group, which relied on the joint efforts of Deltec, Chalopin, Moonstone, and Tether to disguise the origin, movement, and misuse of FTX customer funds. Joinder of the Tether Defendants will therefore promote judicial economy, avoid duplicative litigation, and ensure that all related issues are resolved in a single proceeding.

Plaintiffs do not seek to alter any of the pending allegations against the existing *O'Keefe* or MDL defendants.[4] Rather, Plaintiffs request that after the Court grants leave to file the Amended Complaint, the *O'Keefe* action be immediately restayed, including as to the Tether Defendants, pending the Court's rulings on the Bank Defendants' motions to dismiss.

## II. <u>ARGUMENT</u>

The Court should grant Plaintiffs' request to amend the Complaint because, as this Court is aware:

> Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its pleadings with leave of court or with written consent of the opposing party. Fed. R. Civ. P. 15(a)(2). The decision to grant or deny a motion to amend pleadings is within the sound discretion of the trial court. *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984). The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading. *Smith v. Beverly Hills*

[4] The proposed Amended Complaint also includes the same slate of Plaintiffs who have already asserted claims in the MDL Administrative Complaints against all of these same Defendants.

> *Club Apartments, LLC*, No. 1:15-CV-23450-KMM, 2016 WL 344975, at *2 (S.D. Fla. Jan. 28, 2016) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Thus, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. *Id.* A substantial reason could include "undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and the futility of the amendment." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1110 (11th Cir. 1996).

*Fokiss, Inc. v. TLM Glob., LLC*, No. 24-CV-14096-KMM, 2025 WL 1296340, at *1 (S.D. Fla. Feb. 3, 2025) (Moore, J.).

Federal Rule of Civil Procedure 15(a)(1) allows a Plaintiff to amend once as a matter of course if done within 21 days after service of the pleading, or within 21 days after service of a responsive pleading or of a motion under Rule 12(b), (e), or (f). Alternatively, a party may amend with the opposing party's written consent or the court's leave, and "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Leave to amend should be "freely give[n]" here. Plaintiffs' amendment does not suffer from "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiffs seek to amend the complaint to join the Tether Defendants into this litigation so that the claims against them may be litigated alongside the other co-conspirators of the enterprise in which they participated, namely the Bank Defendants.

The proposed Amended Complaint is not futile or prejudicial. With 12(b)(6) motions pending in every MDL track, this litigation is still in its infancy. The Court has not yet ruled on the Bank Defendants' Motions to Dismiss, Plaintiffs have conducted little to no discovery, and motion practice has been held to a minimum. The proposed amendment will not unduly prejudice any Defendant, there is plenty of time for the Parties to conduct discovery on the merits, and the

Tether Defendants will be able to formulate a response to the allegations against them with the benefit of a ruling on the Bank Defendants' Motions to Dismiss. Plaintiffs' proposed amendment streamlines the claims at issue in this litigation and ensures that culpable parties are properly joined into this litigation, which is routinely freely allowed.[5]

Finally, the claims against the Tether Defendants are certainly not futile. These claims allege, among other things, that the Tether Defendants played an active role in the same coordinated RICO enterprise led by the FTX Group, which relied on the joint efforts of Deltec, Chalopin, Moonstone, and Tether to disguise the origin, movement, and misuse of FTX customer funds. The futility bar for leave to amend is not a high one, and these proposed claims clearly pass it. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir.2004) ("[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.") (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)).

Moreover, the Tether Defendants are properly joined because the allegations against them arise from the same series of transactions and occurrences as those asserted against the Bank Defendants and involve common questions of law and fact. *See* Fed. R. Civ. P. 20(a)(2). Rule 20 permits joinder where "(A) any right to relief is asserted . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Both requirements are plainly met here.

First, Plaintiffs allege that the Tether Defendants participated in the same overarching fraudulent scheme and RICO enterprise as the Bank Defendants—centered on concealing FTX's

[5] Further, although this Court classified Plaintiffs' initial administrative complaints as "amended" administrative complaints, *see* MDL ECF No. 61, the filing of those administrative complaints was necessitated by various cases' consolidation before this Court as an MDL and *not* in order to "cure deficiencies." Thus, Plaintiffs' proposed amendment does not suffer from "repeated failure to cure deficiencies by amendments previously allowed."

insolvency through coordinated international banking transactions and cryptocurrency issuances. As set forth in the proposed Amended Complaint, Tether's issuance and redemption of billions of USDT tokens was routed through Deltec Bank & Trust Limited, which simultaneously served as the primary offshore bank for both Alameda Research and FTX. Telegram messages, account reconciliations, and other communications obtained through jurisdictional discovery show that Deltec, Tether, and Alameda worked in concert to move customer funds, mint and redeem USDT, and transfer dollars through U.S. correspondent accounts and wire communications. These same transactions form the factual nucleus of the claims already asserted against the Bank Defendants.

Second, the claims against both the Tether and Bank Defendants turn on common factual and legal questions—including whether these entities knowingly facilitated and participated in the FTX fraud; whether their conduct constitutes participation in a pattern of racketeering activity under 18 U.S.C. § 1962(c); and whether their use of U.S. financial institutions, wire transfers, and communications establishes jurisdiction in this forum. Much of the same documentary evidence, witness testimony, and expert analysis will apply to both sets of defendants.

Joinder thus serves the interests of judicial economy and fairness by ensuring that all alleged participants in the same RICO enterprise are before the Court in a single proceeding. Courts have granted leave to amend to join additional defendants under similar circumstances where the amended complaint alleged their participation in a unified fraudulent scheme, finding "a logical relationship between the claims such that judicial economy and fairness dictate that all issues be resolved together." *Gov't Employees Ins. Co. v. Axial Chiropractic P.C.*, No. 19-CV-5570 (ENV)(VMS), 2021 WL 2791599, at *2 (E.D.N.Y. July 5, 2021).

Accordingly, the Tether Defendants are properly joined under Rule 20(a)(2), and amendment should be permitted pursuant to Rule 15(a)(2).

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court (1) grant leave to file the proposed Amended Complaint attached as **Exhibit A**; (2) briefly lift the stay of this action solely for that limited purpose; and (3) immediately reinstate the stay, including as to the newly added Tether Defendants, pending the Court's rulings on the Bank Defendants' motions to dismiss, together with such other relief the Court deems just and proper.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1 (a)(3)

In compliance with Local Rule 7.1(a)(3), Plaintiffs' counsel conferred with counsel for the Defendants in this Action regarding whether they would oppose the relief requested herein. Plaintiffs' counsel e-mailed Defendants' counsel on November 7, 2025, to ask whether their clients would oppose Plaintiffs' motion for leave to amend. Counsel for Deltec Bank & Trust and Jean Chalopin stated they are "unable to agree" to this motion. Counsel for the Temasek Defendants "take no position on this request." Counsel for the remaining *O'Keefe* Defendants have not stated their position on the relief sought in this motion.

**Dated: November 10, 2025**

Respectfully submitted,

**By: *<u>/s/ Adam Moskowitz</u>***
Adam M. Moskowitz
Florida Bar No. 984280
Joseph M. Kaye
Florida Bar No. 117520
**THE MOSKOWITZ LAW FIRM, PLLC**
8883 S.W. 131 Street
Miami, FL 33176
Mailing Address:
P.O. Box 653409
Miami, FL 33175
Office: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com
service@moskowitz-law.com

***Co-Lead Counsel***

Joseph R. Saveri
Christopher Young
Itak K. Moradi
**JOSEPH SAVERI LAW FIRM**
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone: (415) 500-6800
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
imoradi@saverilawfirm.com

***Counsel to Plaintiffs and the Putative Classes***

James R. Swanson, La. Bar No. 18455
Kerry J. Miller, La. Bar. No. 24562
Molly L. Wells, La. Bar. No. 36721
C. Hogan Paschal, La. Bar No. 38495
**FISHMAN HAYGOOD L.L.P.**
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
(504) 586-5252; (504) 586-5250 fax
jswanson@fishmanhaygood.com
kmiller@fishmanhaygood.com
mwells@fishmanhaygood.com
hpaschal@fishmanhaygood.com

Robert Lieff
P.O. Drawer A
Rutherford, CA 94573
rlieff@lieff.com

***Counsel to Plaintiffs and the Putative Classes***

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed on November 10, 2025, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

**By: *_/s/ Adam Moskowitz_***
Adam M. Moskowitz